Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

Norfolk Division

| | | |
|---|---|---|
| Shantelle Twine<br>*Plaintiff(s)*<br>(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)<br>-v-<br>AT&T, Inc.<br>*Defendant(s)*<br>(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. __2:23 cv 510__<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)* ☒ Yes ☐ No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. The Parties to This Complaint

    A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Shantelle Twine |
| Street Address | 5677 Freewill Ln. |
| City and County | Virginia Beach |
| State and Zip Code | Virginia 23464 |
| Telephone Number | 757-277-4724 |
| E-mail Address | shanny31@cox.net |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1
- Name: AT&T
- Job or Title *(if known)*:
- Street Address: 308 S. Akard St. Rm. 1720
- City and County: Dallas, Dallas County
- State and Zip Code: Texas 75202
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 2
- Name: Amy C. Smith
- Job or Title *(if known)*:
- Street Address:
- City and County: Dallas, Dallas County
- State and Zip Code: Texas 75202
- Telephone Number: 601-416-3889
- E-mail Address *(if known)*: as213y@att.com

Defendant No. 3
- Name: Angela Rutherford
- Job or Title *(if known)*:
- Street Address: 1500 Ashley Ct.
- City and County: Rockwall, Rockwall County
- State and Zip Code: Texas 75032
- Telephone Number:
- E-mail Address *(if known)*: ar9462@att.com

Defendant No. 4
- Name: Carolyn Lavalais
- Job or Title *(if known)*:
- Street Address: 208 S. Akard Street
- City and County: Dallas, Dallas County
- State and Zip Code: Texas 75202

|  |  |
|---|---|
| Telephone Number | 214-486-8956 |
| E-mail Address *(if known)* | cb7238@att.com |

## C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

|  |  |
|---|---|
| Name |  |
| Street Address | 136 W. Bute Street |
| City and County | Norfolk |
| State and Zip Code | Virginia 23510 |
| Telephone Number |  |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☒ Relevant state law *(specify, if known)*:
Virginia Human Rights Law

☐ Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☐ Termination of my employment.
- ☒ Failure to promote me.
- ☒ Failure to accommodate my disability.
- ☒ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☒ Other acts *(specify)*: Sexual harassment

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
June 2022 to present

C. I believe that defendant(s) *(check one)*:
- ☒ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☒ race — black
- ☒ color — black
- ☒ gender/sex — female
- ☐ religion
- ☐ national origin
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☒ disability or perceived disability *(specify disability)*
  Covid-19 and related health complications

E. The facts of my case are as follows. Attach additional pages if needed.

I began employment for Defendant on or about August 3, 2020, as a Mobility Executive Manager. I have always met or exceeded my performance expectations. I went out on medical leave due to a medical condition, Covid-19 and health complications from the disease, and returned on or about June 15, 2022. Upon my return, I was introduced to my new manager. Immediately, this manger began subjecting me to very noticeable and questionable sexual behavior. He looked at my body and started conversations about my family, marital status and other private non-work-related things. He would openly have arguments with his wife on the phone in my presence. He shared with me intimate details about his unhappiness in his marriage. Alex Mason asked me to lunch the first day I met him. While at lunch, he made comments such as, I looked nice for my age, that my skin color was lovely. He also said that we age well. Comments that were clearly inappropriate and a clear attempt to proposition me for an inappropriate relationship.

A few days later, Alex Mason asked if I could travel to Northern VA to meet with other team members. He suggested that we get the same hotel so that we could hang out, have a few drinks and have a good time. He even suggested that we go get a massage together. In that moment, I made it very clear that I didn't think his behavior was appropriate and was unwelcome. Alex told me that I took it the wrong way and that he was just being friendly. I doubt it very much that he regularly asks his other subordinates to go get massages with him or that he has drinks and a good time with them.

Shortly after, I had to go on leave for a death in the family. Upon my return, Alex's demeaner with me completely went sour. He was very short with me and intentionally did things to impact my relationship with management. For example, I was chastised by Amy Smith, VP for missing a meeting that I was not told took place. Alex intentionally failed to communicate to me information regarding the meeting in order for me to be disciplined by the VP. In fact, Alex was in the same room when Amy was yelling at me and did not even attempt to correct the issue.

After that incident, I approached Amy and informed her what Alex had subjected me to and how he has acted with me after I denied his advances. Amy let me know that her frustrations got the best of her that day and informed me she would report my allegations about Alex to HR. HR conducted an investigation and I am not sure what was the outcome of that. I requested to be moved from Alex's team which was eventually done.

Upon my arrival on my new team, my new manager immediately put me on notice that she knew everything that had transpired with Alex and my complaints about him. She began to threaten my job constantly with no justification. She advised me to speak with other coworkers regarding how she handles bad performers. I was performing to an acceptable level as far as I was concerned at that time.

My new manger began to impact my ability to do my job effectively. She has removed me from group messaging where we share critical information that helps us be more productive such as training, ads and promotions. These details impact our ability to make money that is based on commission.
My computer is currently not working. Although I have made numerous attempts to have my manager assist me in getting my issue resolved, she told me to cancel an IT meeting I had to help me get my computer back up and running. This too has impacted my ability to make money.

When I returned from medical leave, in June 2022, I requested reasonable accommodations. I have been denied any reasonable accommodations and I continue to suffer adverse health affects that impact my ability to do my job. I requested intermittent FMLA to be able to deal with adverse health effects, but no accommodations have been provided as of today. I have applied to approximately 20 positions in hopes that I would not have to drive as much as I do now with no luck. There was or still is a position that I qualified for that was overlooked as part of the interactive process when I requested accommodations. (See attached additional pages).
I

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

May 9, 2023

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)*  7/26/2023  .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Loss of potential pay from 2020-2023 is $153,270
Profit sharing 401k, bonuses over the next 19 years subtracting my current disability benefits: $225,750
Loss of salary over next 19 years: $1,235,000.
Out of pocket Medical cost $1705.42
Punitive damages from delayed pay and emotional harassment: $2,000,000

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10/11/2023

Signature of Plaintiff: *Shantelle Twine (Oct 11, 2023 16:56 EDT)*

Printed Name of Plaintiff: Shantelle Twine

### B. For Attorneys

Date of signing: 

Signature of Attorney: 
Printed Name of Attorney: 
Bar Number: 
Name of Law Firm: 
Street Address: 
State and Zip Code: 
Telephone Number: 
E-mail Address:

III. E. Additional Facts:

Breanna Apostolopoulos contacted me in January after moving to her team to question about what will happen with the sexual harassment allegations I made about Alex Mason, she told me that she had spoken with him about my performance on his team and generally thought highly of him as her co-peer and they had discussed what they could do to best assist me. I thought this was very inappropriate considering it should have been a private issue and the person whom I had complained about was conversing negatively about me to my new supervisor. She went on to discuss the disability and sickness concerns she had and told me that this will not be an excuse on her team to miss any goals. She said that I could be terminated with one to two months and I would not be able to get away with using my disability as an excuse. She then discussed how she had just had someone fired the month prior and went on to discuss another woman on her team whom she has threaten multiple times with termination and she had a disability called MS.

She described her in detailed stating she was another black female and she constantly struggles with illness and she made it clear that she would either find out a way to work around her disability or she would be terminated. She suggests that I partner with her to figure out how to navigate my illness and job since we both have similar situations. I reported this to the ethics line as inappropriate and indicated I felt intimidated by this conversation as it was one of the initial introductions to her team. Once I complained, she removed me from group support texts, refused to assist me with accounts, and became hostile in future conversations. She also refused to take expedited steps to resolve my computer issues. Eventually leading to the conversation where she was yelling and made the statement, " I want to strangle this Black Bitch." These issues were reported to managers and Human Resources and no action was taken. At no point did they discuss a solution. Many times HR never even told me the investigation was complete. They did not provide any guidance. They later retaliated by withholding my paychecks for several pay periods.

On one occasion she contacted me while on leave to complain about my work place accommodation request, indicating what she had previously said that my disability would not prevent me from being terminated although at that time I was out on a full short term disability leave and had finally had the work place accommodation approved after it was denied more than 8 times. I requested via text that she wait and discuss this with me once I had returned to work from leave.

I requested a meeting with Angela Rutherford, who is our VP of Business whom Amy reports to in order to discuss my concerns. I eventually spoke with her about everything from A-Z in a conversation and explained that I felt an increase of retaliation and harassment. I also requested a release to go to another department and if she could help facilitate this because I needed to move immediately. She agreed to release me but said she would be able to move me and to continue to apply for available job postings. She said that she would speak to Amy about the issues I raised and in the interim find a solution.

Over the next 4 to 6 months, I contacted Angela multiple times via email and she either did not respond or stated she was aware in one email but did not take any steps to stop the harassment

and retaliation. In a conversation with one HR representative Ruby, she said Angela would be the only person who could authorize me to be moved to a different department and with this knowledge I repeatedly requested that Angela move me from this department. I was never moved. I also asked Amy multiple times and they refused to move me. I also asked HR representative Carolyn Lavalais and she refused to move me.

Carolyn Lavalais was the HR representative who was in charge of the investigation into my issues. She refused to take action once the investigation was over. In fact she did not even disclose that the investigation was complete. I found out because Breanna called me to schedule a meeting when no one had even discussed this with me and provided any details of what action if any had been taken. She would not address the issues of the threats by Breanna stating I needed a witness. When I asked about solutions and guidance going forward, she said that she could not find anything wrong that was done. I asked her also if I would be moved to a different department in light this entire situation that has created a hostile work environment and prevented me from being the high performing employee who I had been previously. She said she could not help me with moving to a different department, I then asked to be moved to a different supervisor at minimum and she said she could do nothing about that either. She indicated if I was unhappy I could seek jobs externally as well suggesting I quit and ask for her supervisor to complain.

When I forwarded my concerns to her immediate manager to whom she reports, they did not respond back to me with any feedback. Ultimately she was the person in charge of the investigation and she did nothing to mediate. She consistently denied anything was wrong. She lied about speaking to witnesses as well. I later discovered she never interviewed a key person discussed. I was told repeatedly that I had no choice but to report to Breanna A. who discriminated against me and retaliated against me. They also continued to let Alex Scott conduct my year-end review as well as Breanna and did not address this or provide any explanation. These reviews subjected me to further discrimination limiting my ability to get promoted, receive raises and these are used when applying for internal positions by managers and HR.

She also told me that she would resolve my pay issues right away when I had no communication with my leadership team, and that was prolonged further over a month before it was resolved. Typical payroll issues are resolved within days, not over a month.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ EEOC<br>☐ FEPA | Agency(ies) Charge No(s):<br>437-2023-00643 |
|---|---|---|
| | **Virginia Office of Civil Rights**<br>*State or local Agency, if any* | and EEOC |

| I Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)*<br>Shantelle Twine | Home Phone<br>757-277-4724 | Year of Birth |
|---|---|---|
| Street Address<br>5677 Freewill Ln<br>VIRGINIA BEACH, VA 23464 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>AT&T | No. Employees, Members<br>501+ Employees | Phone No. |
|---|---|---|
| Street Address<br>308 S AKARD ST RM 1720<br>DALLAS, TX 75202 | | |
| Name | No. Employees, Members | Phone No. |
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON<br><br>Disability, Retaliation, Sex | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest: 05/09/2023    Latest: 05/09/2023<br><br>Continuing Action |
|---|---|

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I began employment for Respondent on or about August 3, 2020, as a Mobility Executive Manager. I have always met or exceeded my performance expectations. I went out on medical leave due to a medical condition and returned on or about June 15, 2022. Upon my return I was introduced to my new manager. Immediately, this manger began subjecting me to very noticeable and questionable sexual behavior. He looked at my body and started conversations about my family, marital status and other private non-work-related things. He would openly have arguments with his wife on the phone in my presence. He shared with me intimate details about his unhappiness in his marriage. Alex asked me to lunch the first day I met him. While at lunch, he made comments such as, I looked nice for my age, that my skin color was lovely. He also said that we age well. Comments that were clearly inappropriate and a clear attempt to proposition me for an inappropriate relationship.

A few days later, Alex asked if I could travel to Northern VA to meet with other team members. He suggested that we get the same hotel so that we could hang out, have a few drinks and have a good time. He even suggested that we go get a massage together. In that moment, I made it very clear

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Shantelle Twine**<br>05/09/2023<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

Page 1 of 3

EEOC Form 5 (11/09)

|  |  |  |
|---|---|---|
| # CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br><br>EEOC<br><br>FEPA | Agency(ies) Charge No(s):<br><br>437-2023-00643 |

**Virginia Office of Civil Rights** and EEOC
*State or local Agency, if any*

that I didnt think his behavior was appropriate and was unwelcome. Alex told me that I took it the wrong way and that he was just being friendly. I doubt it very much that he regularly asks his other subordinates to go her massages with him or that he has drinks and a good time with them.

Shortly after, I had to go on leave for a death in the family. Upon my return, Alexs demeaner with me completely went sour. He was very short with me and intentionally did things to impact my relationship with management. For example, I was chastised by Amy Smith, VP for missing a meeting that I was not told took place. Alex intentionally failed to communicate to me information regarding the meeting in order for me to be disciplined by the VP. In fact, Alex was in the same room when Amy was yelling at me and did not even attempt to correct the issue.

After that incident, I approached Amy and informed her what Alex had subjected me to and how he has acted with me after I denied his advances. Amy let me know that her frustrations got the best of her that day and informed me she would report my allegations about Alex to HR. HR conducted an investigation and I am not sure what was the outcome of that. I requested to be moved from Alexs team which was eventually done.

Upon my arrival on my new team, my new manager immediately put me on notice that she knew everything that had transpired with Alex and my complaints about him. She began to threaten my job constantly with no justification. She advised me to speak with other coworkers regarding how she handles bad performers. I was performing to an acceptable level as far as I was concerned at that time.

My new manger began to impact my ability to do my job effectively. She has removed me from group messaging where we share critical information that helps us be more productive such as training, ads and promotions. These details impact our ability to make money that is based on commission. My computer is currently not working. Although I have made numerous attempts to have my manager assist me in getting my issue resolved, she told me to cancel an IT meeting I had to help me get my computer back up and running. This too has impacted my ability to make money.

When I returned from medical leave, in June 2022, I requested reasonable accommodations. I have been denied any reasonable accommodations and I continue to suffer adverse health affects that impact my ability to do my job. I requested intermittent FMLA to be able to deal with adverse health effects, but no accommodations have been provided as of today. I have applied to approximately 20 positions in hopes that I would not have to drive as much as I do now with no luck. There was or still is a position that I qualified for that was overlooked as part of the interactive process when I requested accommodations.

I believe I was subjected to sexual harassment because of my sex-female. I was denied reasonable accommodation because of my medical condition. I also believe I was subjected to further harassment, different terms and conditions of employment and denied hire in retaliation and in violation on Title VII of the Civil Rights Act of 1964, as amended and the Americans with Disabilities Act of 1990, as amended.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Shantelle Twine**<br><br>05/09/2023<br><br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

Page 2 of 3

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Norfolk Local Office
200 Granby Street, Suite 739
Norfolk, VA 23510
(757) 600-4720
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/26/2023

**To:** Shantelle Twine
5677 Freewill Ln
VIRGINIA BEACH, VA 23464
Charge No: 437-2023-00643

EEOC Representative and email:   ALEXANDER PEREZ.
Investigator
Alexander.perez@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 437-2023-00643.

On behalf of the Commission,

Digitally Signed By:Elizabeth A. Rader
07/26/2023

Elizabeth A. Rader
District Director

Cc:
Kimberly Calantas
AT&T
308 S AKARD ST FL 17
Dallas, TX 75202

Please retain this notice for your records.