May 13, 2024

Your Honor

I have been diligently trying to obtain a lawyer to represent me.
But meanwhile I am attaching to my letter here, a letter and a very recent email from Littler Mendelson, PC sent to me.
My complaint says that I was sexually harassed by my male supervisor beginning in June 2022. After I complained about him, I was retaliated against and then AT&T fired me.
Littler Mendelson, PC says that I signed an arbitration agreement in 2021 and therefore I cannot sue in court.
I read about a federal law enacted in March 2022, Ending Forced Arbitration Act (EFAA) that says I can sue in court and not be forced into arbitration if the sexual harassment happened after March 2022 like my situation.
I do not want to go to arbitration and want to remain in this court.
When I showed the Littler Mendelson, PC letter and email to lawyers for advice today, I was told to submit them to the Court.
If Your Honor has additional questions, I am happy to answer them promptly.
Thank you.
Respectfully,

Shantelle Twine



Littler Mendelson, P.C.
1800 Tysons Boulevard
Suite 500
Tysons Corner, VA 22102

G. Bethany Ingle
703.286.3135 direct
703.442.8425 main
703.563.9540 fax
gingle@littler.com

December 7, 2023

**BY FEDEX**

Ms. Shantelle Twine
5677 Freewill Lane
Virginia Beach, VA 23464

    RE: <u>Shantelle Twine v. AT&T, et al.</u>, EDVA Case No. 2:23-cv-00510
           **Management Arbitration Agreement**

Dear Ms. Twine:

I represent AT&T Mobility Services LLC (the "Company") and I have been advised of the lawsuit you filed against AT&T Inc. in the United States District Court for the Eastern District of Virginia.

Please be advised that you are bound by AT&T's Management Arbitration Agreement ("Agreement") (a copy of which is enclosed), whereby you agreed to arbitrate the claims in this lawsuit rather than pursuing them in court.

On July 15, 2021, the Company offered you employment, conditioned upon your formal acceptance of required hiring documents, including the Agreement. You proceeded through the Company's on-boarding system and were presented with the Agreement, which again explained that acceptance of the Agreement was a condition of employment. On July 16, 2021, you acknowledged your acceptance of the Agreement by electronically signing and submitting the document. Many courts around the country have examined the Agreement and found that it requires employees to submit their claims to arbitration instead of court proceedings. *See Booher v. AT&T Customer Servs., Inc.*, No. 1:19-cv-00296-BRW (D. Idaho Nov. 19, 2019); *Aimiuwu v. AT&T Servs., Inc.*, No. 1:17-cv-3952-CAP-JKL, (N.D. Ga. Apr. 9, 2018); *Kirzhner v. AT&T Services, Inc.*, Case No. BC670464 (Ca.–Los Angeles Cty. Feb. 21, 2018); *Corvalan v. AT&T Corp., et al.*, Case No. BC609878 (Ca.–Los Angeles Cty. July 25, 2016). Accordingly, you are bound by the terms of the Agreement and must arbitrate your claims if you wish to pursue them.

Accordingly, if you want to pursue your claims, you may initiate arbitration as set forth in the Agreement.

Please do not hesitate to contact me with any questions.

littler.com

Ms. Shantelle Twine
December 7, 2023
Page 2


Sincerely,

*G. Bethany Ingle signature*

G. Bethany Ingle

Enclosure

cc:    Kenneth Gage (w/ enclosure)
       Sara Tomezsko (w/ enclosure)

# RE: Shantelle Twine v. AT&T, et al. - Case No. 2:23-cv-00510

Good Afternoon Ms. Twine:

We do not have any authority to settle your case at this time and will need to move to compel arbitration, if you do not agree to arbitration. Can you please let us know if you will consent to an extension of the due date to respond to your Complaint? We are asking for a one-month extension to coordinate the filing of the motion to compel.

Thank you,

**G. Bethany Ingle**
Shareholder
703.286.3135 direct, 703.463.0423 mobile,
703.563.9540 fax
GIngle@littler.com

littler

Fueled by ingenuity. Inspired by you.